IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LEE ROBERTS, ) | |
| ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-1028-WKW |
| ) | (WO – Do Not Publish) |
| WALTER MYERS, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is a 42 U.S.C. § 1983 lethal injection challenge. On October 3, 2014, Plaintiff David Lee Roberts, a death row inmate in Alabama, filed a complaint for violations of his right to access to governmental proceedings under the First Amendment to the United States Constitution, his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and his right to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Specifically, Roberts alleges that the State intends to execute him using a lethal injection protocol that is developed in secrecy, not consistently followed, and not subject to any oversight except through court action. (Doc. # 1.)

Now before the court is the State's Motion to Dismiss, which was filed on January 30, 2015. (Doc. # 14.) Roberts filed an opposition to the State's motion on

February 10, 2015, and the State replied on February 17, 2015.  (Docs. # 18, 19.) With this motion fully briefed, and after careful consideration of the parties' arguments and the applicable case law, the court finds that the State's motion is due to be GRANTED IN PART and DENIED IN PART.

## I.   STANDARD OF REVIEW

In assessing the merits of a Rule 12(b)(6) motion, the court must assume that all factual allegations set forth in the complaint are true and construe them in the light most favorable to the plaintiff.  *See Arthur v. Thomas*, 974 F. Supp. 2d 1340, 1343 (M.D. Ala. 2013).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.

## II.   FACTUAL AND PROCEDURAL SUMMARY

Roberts was convicted of capital murder in 1992 and sentenced to death in 1994. His conviction and sentence have been affirmed on direct review and collateral review.

On September 10, 2014, the Alabama Department of Corrections amended its lethal injection protocol, changing the first drug in its three-drug cocktail to midazolam hydrochloride (from pentobarbital) and the second drug to rocuronium bromide (from pancuronium bromide). The State announced these changes on September 11, 2014, through a motion to set Roberts's execution filed with the Alabama Supreme Court, a motion which remains pending.

On October 3, 2014, Roberts filed a § 1983 lawsuit in this court, alleging violations of his First, Eighth, and Fourteenth Amendment rights based on the September 2014 changes to Alabama's lethal injection protocol, as well as the adequacy of the consciousness assessment that is to be performed during his execution and the secrecy surrounding Alabama's lethal injection protocol.

## III.   DISCUSSION

Roberts's complaint asserts four claims: (1) an Eighth Amendment cruel and unusual punishment claim based on the switch to midazolam as the first drug in the State's three-drug cocktail, in which Roberts claims midazolam will not sufficiently anesthetize him prior to the administration of the second and third drugs, thus

creating a substantial risk that he will suffer serious harm during his execution (Count I); (2) a Fourteenth Amendment due process claim based on the State's refusal to provide Roberts with unfettered access to its lethal injection protocol and his belief that he may not be notified of material changes to the execution protocol (Count II); (3) a Fourteenth Amendment equal protection claim based on the State's failure to adhere to its procedural safeguards to assess anesthetic depth (*i.e.*, the consciousness assessment), thereby selectively introducing risk into Roberts's execution (Count III); and (4) a First Amendment "right of access" claim based on the State's failure to give Roberts "all details about the protocol that will be used to kill him" (Count IV). (Doc. # 1.)  For the reasons that follow, Counts II, III, and IV of Roberts's complaint are due to be dismissed.

"'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'" *Powell v. Thomas*, 643 F.3d 1300 (11th Cir. 2011) (quoting *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)).  In Alabama, that limitations period is two years.  *Id.*  Moreover, in method of execution challenges, a "claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008).

Roberts's conviction and sentence became final in 1999 when the Supreme Court denied his petition for a writ of certiorari on direct review. *See Roberts v. Alabama*, 120 S. Ct. 346 (1999). Because Roberts's state review became final in 1999, the statute of limitations for his § 1983 claims began to accrue on July 31, 2002, when Alabama changed its method of execution from electrocution to lethal injection and Roberts became subject to execution by lethal injection rather than electrocution. Thus, absent a significant change in the State's protocol, Roberts was required to file his § 1983 claims on or before July 31, 2004.

This is fatal to Roberts's First Amendment and Fourteenth Amendment due process and equal protection claims. With respect to Roberts's First Amendment and Fourteenth Amendment due process claims based on the secrecy surrounding Alabama's lethal injection protocol, this court and the Eleventh Circuit have already held that a change in drugs, like the one at issue here, does not salvage the untimeliness of these types of claims. *See Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012) (implicitly affirming district court's summary dismissal of inmate's Fourteenth Amendment due process secrecy claim as untimely); *Powell*, 643 F.3d at 1305 (affirming district court's summary dismissal of similar Fourteenth Amendment due process claim because "Powell could have challenged the ADOC's secrecy surrounding the method of execution beginning July 31, 2002, as the facts supporting this cause of action should have been apparent to any person with a

reasonably prudent regard for his rights[]" (internal quotations omitted)); *Frazier v. Roberts, et al.*, 2:13-cv-781-WKW (M.D. Ala. Jan. 5, 2015) (Doc. # 19); *Grayson v. Sharp, et al.*, 2:12-cv-316-WKW (M.D. Ala. Jan. 7, 2015) (Doc. # 26).

Roberts was on death row as of July 31, 2002, when he became subject to execution by lethal injection rather than electrocution.  Beginning on that date, Roberts could have challenged the secrecy surrounding Alabama's lethal injection protocol and the State's refusal to disclose to him all details about the protocol that will be used in his execution, but he waited over twelve years to do so and only after the State filed a motion to set his execution.  These claims fall well outside of the two-year statute of limitations, and the fact that two of the drugs in the protocol were changed in September 2014 does not relieve Roberts of the consequences of that fact or otherwise make these claims timely.  *See Powell*, 643 F.3d at 1305 ("Powell fails to show how his claim about the secrecy surrounding the ADOC's recent change in lethal injection protocol was revived by the ADOC's . . . switch in drugs.").[1]

---

[1] Alternatively, even if Roberts had adequately alleged that the switch to midazolam was a substantial change to Alabama's execution protocol that somehow revived the statute of limitations for his First Amendment and Fourteenth Amendment secrecy challenges, those claims are still due to be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *See Wellons v. Comm'r, Ga. Dep't of Corrs.*, 754 F.3d 1260, 1267 (11th Cir. 2014) ("We agree with the judgment of the district court.  Neither the Fifth, Fourteenth, or First Amendments afford Wellons the broad right 'to know where, how, and by whom the lethal injections drugs will be manufactured,' as well as 'the qualifications of the person or persons who will manufacture the drugs.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996))).

The same can be said for Roberts's Fourteenth Amendment equal protection claim.  This claim is based on the State's purported material deviations from its execution protocol in past executions, specifically, the executions of Eddie Powell in 2011 and Jeff Land in 2010, with respect to the non-performance of the third graded stimuli in the State's consciousness assessment (*i.e.*, the pinch test) and Roberts's contention that the State will make the same material deviation during his execution.  Yet Roberts does not attempt to allege or to show how his equal protection claim based on executions that admittedly took place in 2010 and 2011 — almost four years ago, at the earliest — falls within the two-year statute of limitations.  Moreover, as with his First Amendment and Fourteenth Amendment secrecy claims, the September 2014 changes to Alabama's lethal injection protocol do not revive Roberts's otherwise untimely equal protection claim, as the alleged non-performance of the pinch test in Land's and Powell's executions could have been challenged immediately after those executions, irrespective of the drugs used. Roberts, however, waited over three years to make this challenge and, again, did so only after a motion to set his execution date was filed.  Accordingly, Roberts's First Amendment and Fourteenth Amendment due process and equal protection claims (Counts II−IV) are time-barred and due to be dismissed.[2]

---

[2]   To the extent the State alleges that Roberts's equal protection claim is due to be dismissed because he lacks standing to bring such a claim, the court does not find merit in this argument.

Finally, with respect to Roberts's Eighth Amendment cruel and unusual punishment claim based on the State's intended use of midazolam, the court finds that, when taking the allegations in Roberts's complaint as true, which this court must at the motion to dismiss stage, Roberts has stated a plausible Eighth Amendment claim.

## IV.   CONCLUSION

Based upon the foregoing, it is ORDERED as follows:

1.     The State's Motion to Dismiss (Doc. # 14) is GRANTED as to Counts II, III, and IV of Roberts's complaint, and those are claims are DISMISSED with PREJUDICE.

2.     The State's Motion to Dismiss (Doc. # 14) is DENIED as to Count I of Roberts's complaint.

3.     The court construes the State's Motion to Dismiss as also containing a Motion to Strike paragraphs 43−47 of Roberts's complaint, and that Motion to Strike (Doc. # 14) is DENIED.

DONE this 16th day of March, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE